**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30630
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT WILLIAMS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-129-2-L
- - - - - - - - - -

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Vincent Williams, federal prisoner # 27040-034, appeals the district court's denial of his request for habeas corpus relief, which the district court construed as a FED. R. CRIM. P. 41 motion for return of property. Williams seeks the return of $13,809 in currency that was forfeited following his guilty-plea conviction for conspiracy to possess with intent to distribute more than 50 grams of cocaine base and more than 500 grams but less than five kilograms of cocaine hydrochloride. He argues that the Government failed to show that the currency was derived from his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug activities and failed to provide adequate notice of the forfeiture of the currency.

Although the district court construed Williams' request for habeas corpus relief as falling under FED. R. CRIM. P. 41(e), the criminal proceeding against him had already concluded when he brought this action. We therefore treat the FED. R. CRIM. P. 41(e) motion as a civil action under 28 U.S.C. § 1331, seeking the return of property, and treat the district court's denial of that motion as the grant of summary judgment in favor of the Government. See Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000). This court reviews the grant of summary judgment de novo. Horton v. City of Houston, 179 F.3d 188, 191 (5th Cir. 1999).

Assuming that Williams had a lawful interest in the money and was entitled to notice, Williams' allegation that he did not receive adequate notice of the forfeiture or was unaware that the $13,809 was forfeitable is refuted by the record. The Government filed a Notice of Forfeiture and a Bill of Particulars for Forfeiture of Property which specifically stated that as a result of the offenses alleged against Williams, any and all assets derived from any proceeds of the offenses or used to commit the offenses were forfeitable property. Moreover, as part of his plea agreement, Williams agreed to forfeit any assets, including currency, that were either proceeds of the narcotics violation or were involved in narcotics trafficking. Lastly, the Government submitted evidence showing that it had published the notice of

the seizure in the Times-Picayune.  <u>See</u> 19 U.S.C. § 1607(a);

<u>Barrera-Montenegro v. United States</u>, 74 F.3d 657, 660 (5th Cir.

1996).  Accordingly, the judgment of the district court is

AFFIRMED.  Williams' motion for leave to file a reply brief out

of time is DENIED.

AFFIRMED; MOTION TO FILE OUT-OF-TIME REPLY BRIEF DENIED.